**IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| DR. PEDRO TIRADO MENENDEZ; IRIS ALBERTORIO and the Conjugal Partnership Comprised by them<br><br>PLAINTIFFS,<br><br>      vs.<br><br>HOSPITAL INTERAMERICANO DE MEDICINA AVANZADA(HIMA); CENTRO MEDICO DEL TURABO INC. d/b/a HIMA SAN PABLO; HIMA SAN PABLO, INC.; The Governing Board of HIMA comprised of MR. JOAQUIN RODRIGUEZ; MR. CARLOS PIÑEIRO CRESPO; FERNANDO AGRAIT BETANCOURT, ESQ.; MR. CESAR MONTILLA; MR. ARMANDO RODRIGUEZ BENITEZ; DR. JAIME RIVERA DUEÑO;<br><br>The Executive Committee of the Medical Faculty of HIMA comprised OF DR. ANDRES GUERRERO; DR. LUIS DIAZ SELLES; DR. VERONICA MENDOZA; DR. FERNANDO VELAZQUEZ; DR. RAFAEL ROSADO CASABLANCA; DR. RAMON SOTOMAYOR; DR. ALFONSO SERRANO ISERN; DR. MIGUEL PALACIOS; DR. DOMINGO SEPULVEDA; DR. RAFAEL ALONSO; DR. IVAN DEL TORO;<br><br>JOHN DOE; X, Y, Z, all in their official and personal capacities; and all in representation of their respective conjugal partnerships JOHN DOE and RICHARD ROE; ABC INSURANCE COMPANIES | **CIVIL NO. 06-1217 (JAG)**<br><br>(HCQIA) 42 U.S.C., SECTION 11101 - 11152; BREACH OF CONTRACT; DEFAMATION; VIOLATION OF DUE PROCESS OF LAW<br><br><br>**JURY TRIAL DEMAND** |

**C O M P L A I N T**

**TO THE HONORABLE COURT:**

**COME NOW,** the plaintiffs through the undersigned attorney and respectfully state and pray as follows:

### Introduction

1. This is an action for declaratory and injunctive relief and damages brought for violation of the Health Care Quality Improvement Act (HCQIA), 42 U.S.C. sections 11101-11152; breach of contract for tortuous interference with the plaintiffs medical privileges, having been suspended of said privileges without due process of law, both substantive and procedural. The defendant hospital is the recipient of funds under the Hill Burton Act, thereby guaranteeing the plaintiffs procedural safeguards pursuant to the 5th and 14th amendments of the Constitution of the United States.

Plaintiffs also invoke supplemental jurisdiction of this Court over his Commonwealth of Puerto Rico claims pursuant to Article II of the Constitution of the Commonwealth of Puerto Rico, and Articles 1802 and 1803 of the Puerto Rico Civil Code (31 L.P.R. sections 5141 and 5142, respectively).

Plaintiff seeks redress due to defendants' arbitrary and unlawful breach of contract in violation of his right to due process of law, all in violation of 42 U.S.C., sections 11101-11152. Defendants violated the standards for quality review actions pursuant to Section 11112, having arbitrarily suspended plaintiff's privileges as a licensed practicing internist without having afforded him an opportunity to be represented by legal counsel. Defendants' unlawful conduct has caused plaintiff grave and permanent economic loss, and damage to plaintiff's professional and personal reputation. As a result of the aforementioned unlawful conduct, plaintiffs have suffered damages in the form of pain, mental anguish, and suffering. Plaintiffs request of this Honorable District Court compensation for these losses, a Permanent Injunction pursuant to Rule 65 of the FRCP and Declaratory Judgment pursuant to Rule 57 of the FRCP against the practices complained of herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 USC 1331 and 1343, the actions set forth arising under the Constitution and laws of the United States.

Pursuant to 28 U.S.C. Section 1391 this is the proper venue to bring this action because the facts relating to this cause of action arose in this District.

## PARTIES

PLAINTIFFS

3.      Dr. Pedro Tirado Menéndez (Dr. Tirado), is an adult resident of Caguas, Commonwealth of Puerto Rico, and at all times relevant to this complaint, is a licensed practicing medical internist with many years of experience, and represents the conjugal partnership.

4.      Iris Albertorio, the co-plaintiff, is Dr. Tirado's wife, who is also a resident of Caguas, Puerto Rico, who also represents the conjugal partnership.

DEFENDANTS

5.      Hospital Interamericano de Medicina Avanzada (HIMA) is a corporation organized under the laws of the Commonwealth of Puerto Rico which operates a hospital in Caguas, Puerto Rico, where Dr. Tirado had privileges. HIMA is also related to Centro Médico del Turabo, Inc. d/b/a HIMA San Pablo, and HIMA San Pablo, Inc., which, as per information and belief, is the holding company of the corporate conglomerate.

6.      Mr. Joaquin Rodriguez is at all times relevant to this Complaint the HIMA President of the Board of Directors and is responsible for the ordering the summary suspension of the medical privileges of the plaintiff. He is sued in his official and personal capacity and as representative of the conjugal partnership.

3

7.      Jane Doe (1) is the wife of co-defendant Joaquin Rodriguez, and is brought solely as a representative of the conjugal partnership which they comprise.

8.      Mr. Carlos Piñeiro Crespo is at all times relevant to this Complaint a member of HIMA's Board of Directors and is responsible for the ordering the summary suspension of the medical privileges of the plaintiff. He is sued in his official and personal capacity and as representative of the conjugal partnership.

9.      Jane Doe (2) is the wife of co-defendant Carlos Piñeiro Crespo, and is brought solely as a representative of the conjugal partnership which they comprise.

10.     Fernando Agrait Betancourt, Esq., is at all times relevant to this Complaint a member of HIMA's Board of Directors and is responsible for the ordering the summary suspension of the medical privileges of the plaintiff. He is sued in his official and personal capacity and as representative of the conjugal partnership.

11.     Jane Doe (3) is the wife of co-defendant Fernando Agrait Betancourt, Esq., and is brought solely as a representative of the conjugal partnership which they comprise.

12.     Mr. Cesar Montilla is at all times relevant to this Complaint a member of HIMA's Board of Directors and is responsible for the ordering the summary suspension of the medical privileges of the plaintiff. He is sued in his official and personal capacity and as representative of the conjugal partnership.

13.     Jane Doe (4) is the wife of co-defendant Cesar Montilla, and is brought solely as a representative of the conjugal partnership which they comprise.

14.     Mr. Armando Rodríguez Benítez is at all times relevant to this Complaint a member of HIMA's Board of Directors and is responsible for the ordering the summary suspension of the medical privileges of the plaintiff. He is sued in his official and personal capacity and as representative of the conjugal partnership.

15.     Jane Doe (5) is the wife of co-defendant Armando Rodríguez Benítez, and is brought solely as a representative of the conjugal partnership which they comprise.

16.     Dr. Jaime Rivera Dueño is at all times relevant to this complaint is a physician, HIMA Vice President, and is a member of the Governing Board, and is responsible for the ordering the summary suspension of the medical privileges of the plaintiff. He is sued in his official and personal capacity and as representative of the conjugal partnership.

17.     Jane Doe (6) is the wife of co-defendant, Dr. Jaime Rivera Dueño, and is brought solely as a representative of the conjugal partnership which they comprise.

18.     Dr. Andres Guerrero is a physician, President of HIMA's Executive Committee. He is sued in his official and personal capacity and as representative of the conjugal partnership.

19.     Jane Doe (7) is the wife of co-defendant, Dr. Andres Guerrero, and is brought solely as a representative of the conjugal partnership which they comprise.

20.     Dr. Luis Diaz Selles is a physician, member of HIMA's Executive Committee. He is sued in his official and personal capacity and as representative of the conjugal partnership.

21.     Jane Doe (8) is the wife of co-defendant, Dr. Luis Diaz Selles, and is brought solely as a representative of the conjugal partnership which they comprise.

22.     Dr. Veronica Mendoza is a physician, member of HIMA's Executive Committee. She is sued in her official and personal capacity and as representative of the conjugal partnership.

23.     Joe Doe (9) is the husband of co-defendant, Dr. Veronica Mendoza, and is brought solely as a representative of the conjugal partnership which they comprise.

24.    Dr. Fernando Velazquez is a physician, member of HIMA's Executive Committee. He is sued in his official and personal capacity and as representative of the conjugal partnership.

25.    Jane Doe (10) is the wife of co-defendant, Dr. Fernando Velazquez, and is brought solely as a representative of the conjugal partnership which they comprise.

26.    Dr. Rafael Rosado Casablanca is a physician, member of HIMA's Executive Committee. He is sued in his official and personal capacity and as representative of the conjugal partnership.

27.    Jane Doe (11) is the wife of co-defendant, Dr. Rafael Rosado Casablanca, and is brought solely as a representative of the conjugal partnership which they comprise.

28.    Dr. Ramón Sotomayor is a physician, member of HIMA's Executive Committee. He is sued in his official and personal capacity and as representative of the conjugal partnership.

29.    Jane Doe (12) is the wife of co-defendant, Dr. Ramón Sotomayor, and is brought solely as a representative of the conjugal partnership which they comprise.

30.    Dr. Alfonso Serrano Isern is a physician, member of HIMA's Executive Committee. He is sued in his official and personal capacity and as representative of the conjugal partnership.

31.    Jane Doe (13) is the wife of co-defendant, Dr. Alfonso Serrano Isern, and is brought solely as a representative of the conjugal partnership which they comprise.

32.    Dr. Miguel Palacios is a physician, member of HIMA's Executive Committee. He is sued in his official and personal capacity and as representative of the conjugal partnership.

33.    Jane Doe (14) is the wife of co-defendant, Dr. Miguel Palacios, and is brought solely as a representative of the conjugal partnership which they comprise.

34.     Dr. Domingo Sepúlveda is a physician, member of HIMA's Executive Committee. He is sued in his official and personal capacity and as representative of the conjugal partnership.

35.     Jane Doe (15) is the wife of co-defendant, Dr. Domingo sepúlveda, and is brought solely as a representative of the conjugal partnership which they comprise.

36.     Dr. Rafael Alonso is a physician, member of HIMA's Executive Committee. He is sued in his official and personal capacity and as representative of the conjugal partnership.

37.     Jane Doe (16) is the wife of co-defendant, Dr. Rafael Alonso, and is brought solely as a representative of the conjugal partnership which they comprise.

38.     Dr. Ivan Del Toro is a physician, member of HIMA's Executive Committee. He is sued in his official and personal capacity and as representative of the conjugal partnership.

39.     Jane Doe (17) is the wife of co-defendant, Dr. Ivan Del Toro, and is brought solely as a representative of the conjugal partnership which they comprise.

40.     John Doe and Richard Roe are unknown parties to be joined upon discovery.

41.     Upon information and belief, defendants insurance companies A through Z have issues policies that cover the damages proffered by the plaintiffs as alleged in this complaint. Since the names of the aforementioned insurance companies are unknown at this time, they are referred to as such.

## STATEMENT OF THE CASE

42.     On October 29, 2004, Dr. Tirado's hospital privileges were summarily suspended by defendants, having plaintiff received a letter from the Dr. Jaime Rivera Dueño to that effect.

43.     From inception Dr. Tirado informed that he would be represented by an attorney during the administrative process leading to the definite suspension of his privileges.

44.     Dr. Tirado was consistently informed that pursuant to HIMA's by-laws he had no right to be represented by an attorney, all in open violation of Federal Law.

45.     Defendants named a Judicial Committee to hold an administrative hearing with Plaintiff. The Judicial Committee meeting with Plaintiff was held on December 10, 2004. As a result said meeting the Judicial Committee **recommended to the Executive Committee that Dr. Tirado's privileges be reinstated**.

46.     Nevertheless, the Executive Committee recommended to the Board of Directors that Dr. Tirado's privileges suspension be maintained, without making any determination of fact in support of its decision or finding to support its non-acquiescence with the Judicial Committee's recommendation in favor of Dr. Tirado.

47.     Dr. Tirado appealed to the Board of Directors via its President, Mr. Joaquin Rodriguez, and requested again the right to be represented by legal counsel.

48.     The Board of Directors, through its President, defendant Mr. Joaquin Rodriguez, refused to allow Dr. Tirado to be represented by legal counsel, and cancelled his privileges permanently.

49.     The restriction and eventual cancellation by defendants of Dr. Tirado's medical privileges constituted an adverse action in violation of Dr. Tirado's right to due process of law, as guaranteed by the Constitution of the United States and Puerto Rico, and also guaranteed by applicable federal law, to wit; the Health Care Quality Improvement Act (HCQIA), 42 U.S.C. sections 11101-11152, which specifically provides for the right to be represented by an attorney pursuant to 42 USC Section 11112(3)(C)(i).

50.     Thus, Dr. Tirado had the right to be represented by an attorney at the hearing and throughout all the administrative process that lead to his dismissal. **It was utterly denied by defendants**.

51.     The determination made by defendants to permanently suspend his hospital of privileges was arbitrary, capricious and irregular, and in open violation of the most basic notions of due process, both substantive and procedural.

52.     The conduct and/or actions of the co-defendants, those being HIMA, the members of the Executive Committee and the Governing Body, in addition to all other parties involved, are in clear violation of federal law pursuant to the HCQIA.

53.     The conduct and/or actions of the all defendants have interfered with Dr. Tirado's property, having denied him his right to due process of law in regard to the aforementioned suspension.

54.     Plaintiff continues suspended from all his privileges to practice at HIMA.

55.     In fact, defendants filed an "Adverse Action Report" to the National Practitioner Data Bank, resulting in divulging information about Dr. Tirado that is defamatory.

56.     As a result of the aforementioned actions by the defendants, plaintiff has suffered damages in the form of loss of income, damage to his professional reputation, limited professional opportunities, mental suffering, and emotional anguish.

57.     Co-plaintiff Iris Albertorio has suffered damages in the form of mental suffering and emotional anguish as a result of the actions taken against her husband.

## FIRST CAUSE OF ACTION

58.    The privileges to practice possessed by plaintiff at HIMA as an internist constitute a property interest that cannot be suspended arbitrarily, without legal representation, and in open violation of the most simple notions of due process of law. Defendants' actions constitute a taking of plaintiff's privileges at the hospital without due process of law, all in violation of the 5th and 14th amendments of the Constitution of the United States, and of 42 USC 11112.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL JURISDICTION

59. Supplemental jurisdiction is invoked pursuant to 28, U.S.C. Sec. 1367 inasmuch as the local violations stem from a common nucleus of operative facts.

## THIRD CAUSE OF ACTION

60. Defendants' actions constitute a breach of contract pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code (31 LPRA, sections 5141 and 5142), for having tortuously interfered with plaintiff's privileges as a physician at HIMA, causing the plaintiffs damages in the form of loss of income, adversely affecting Dr. Tirado's professional reputation, future income and opportunities.

## FOURTH CAUSE OF ACTION

61. Defendants have violated Dr. Tirado's due process rights under the U. S. Constitution and that of the Commonwealth of Puerto Rico, having denied him of his property interest, including his hospital member privileges at HIMA without due process of law.

## FIFTH CAUSE OF ACTION

62. Defendants' actions give rise to a defamation claim, having plaintiff's reputation adversely affected. As a result of the improper conduct by defendants, plaintiff has suffered emotionally, professionally, and financially, by the suspension of his practicing privileges, and dissemination of it, for which he claims damages due to the aforesaid conduct pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code (31 LPRA, sections 5141 and 5142). Defendants are also liable for the emotional damages sustained by co-plaintiff, Iris Albertorio, Dr. Tirado's wife.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs pray for the following:

1.     That this Honorable Court enter a Declaratory Judgment that the actions, omissions, policies and conduct complained of herein are in violation of the Constitutions of the United States of America and the Commonwealth of Puerto Rico, and the Health Quality Immunity Act (HQIA).

2.     Issue a Preliminary and Permanent Injunction:

(a)   Enjoining defendants and its agents, successors, employees, attorneys and representatives from engaging in the illegal conduct complained of herein;

b)   Ordering defendants to immediately reinstate plaintiff in his privileges at the defendant hospital HIMA;

3. Award plaintiff compensation for loss of income caused by defendants' unlawful actions in an amount of no less than Five Hundred Thousand Dollars ($500,000.00);

4. Award plaintiff compensation in the amount of Two Million Dollars ($2,000,000.00) for damages to his personal and medical reputation and pain and suffering;

11

5. Award damages in the amount of $2,000,000.00 for having affected the good will of the Dr. Tirado's business reputation after many years of practice.

6. Award damages to co-plaintiff Iris Albertorio for the emotional suffering and mental anguish as a result of Defendants' conduct in the amount of not less than $1,500.00.00.

7. Retain jurisdiction over this action in order to assure full compliance with the decree in the event that this Court finds that the acts complained of herein were illegal and/or unconstitutional.

8. Award plaintiff the costs of this action and reasonable attorney's fees as provided for by law.

9. Grant plaintiff such other and further relief, as the Court may deem appropriate and proper.

10. Plaintiffs demand a trial by jury.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this March 3, 2006

**S/ RAMON L. WALKER MERINO**
Attorney for Plaintiffs
USDC 121907

**WALKER MERINO LAW OFFICE**
P.O. BOX 9023550
SAN JUAN, P.R. 00902-3550
TEL. (787) 565-4042 / 529-9923
FAX (787) 725-2068
E-MAIL: walker-merino@msn.com